2021 IL App (1st) 190539-U

No. 1-19-0539

Order filed March 30, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 15 CR 1053 |
| JOHN JACKSON, | ) ) | Honorable Peggy Chiampas, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1 *Held*: Because the circuit court lacked jurisdiction to consider defendant's untimely motion to reduce sentence, we vacate the circuit court's denial of that motion and dismiss the motion.

¶ 2 Pursuant to a June 29, 2016 negotiated guilty plea, defendant John Jackson pled guilty to aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 2016)) and was sentenced to 12 years' imprisonment. On November 19, 2018, defendant filed a *pro se* motion for reduction of sentence which the circuit court denied. Defendant appeals, contending the circuit court's

admonishments at the time of his June 29, 2016 plea did not substantially comply with Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and thus we should remand for proper admonishments. For the following reasons, we conclude that the circuit court lacked jurisdiction to hear defendant's motion for reduction of sentence.

¶ 3    The State charged defendant by information dated January 13, 2015, with ten counts related to the January 1, 2015 shooting of Lionel Brown. The charges included one count of aggravated battery by discharging a firearm (count I); one count of armed habitual criminal (count II); two counts of aggravated discharge of a firearm (counts III and IV); two counts of unlawful use or possession of a weapon by a felon (counts V and VI); and four counts of aggravated unlawful use of a weapon (counts VII-X).

¶ 4    On June 29, 2016, defense counsel informed the court that the State had tendered defendant an offer of a 12-year sentence. When the court asked "what count is that on?", the State answered: "Aggravated battery, but we're going to have to amend it to reflect not (sic) a firearm deadly weapon." The record reflects that the case was passed. When the case was recalled on the same date, the court asked defendant if he understood that he would be pleading to a Class 1 felony with a sentencing range of four to 15 years, and defendant answered affirmatively. Defendant also confirmed that he had executed a jury waiver.

¶ 5    As the factual basis for the plea, the State indicated that Brown, if called as a witness, would testify that defendant began shooting toward the doorway of a nightclub after arguing with a bouncer. Brown was near the doorway and was struck in the left foot. Defense counsel stipulated that this would be Brown's testimony.

¶ 6    The court then asked defendant: "You still wish to plead guilty to the offense of aggravated discharge of a firearm?"[1] Defendant answered in the affirmative. The court then asked: "motion State nolle pros all other counts?" and the State answered affirmatively.

¶ 7    The court proceeded to sentencing. The court accepted defendant's waiver of a presentence investigation report, after defendant confirmed that no one had forced him to sign it. In aggravation, the State noted that defendant had five previous felony convictions and recommended twelve years' imprisonment. Defense counsel made no argument in mitigation. Defendant declined to say anything in allocution.

¶ 8    The trial court found that a 12-year sentence was a "fair, negotiated plea" and then admonished defendant as follows:

"Sir, you have 30 days from today's date to file a motion to withdraw plea guilty [sic]. You cannot afford a transcript. I will sign an order giving you a free transcript. If you're indigent - - if that motion is granted to you, counts that existed before you pled guilty today, including obviously the one you pled guilty to - - if I denied your motion, you can appeal that denial to the - - basically if you could not afford a transcript, I will sign an order giving you a free transcript. You understand your appeal right?

[THE DEFENDANT]: Yes, sir."

---

[1]Although the State had earlier indicated its understanding that defendant would be pleading to aggravated battery, the State did not attempt to correct the court when it told defendant that he was pleading to aggravated discharge of a firearm. The written sentencing order also reflects that defendant was sentenced on the latter offense, corresponding to count III of the information.

¶ 9      Also, on June 29, 2016, the court entered a written sentencing order, reflecting that a 12-year sentence was imposed on count III for the offense of aggravated discharge of a firearm. Defendant did not file a motion to withdraw his plea.

¶ 10      The record on appeal contains correspondence from defendant suggesting that he attempted to file a motion to reconsider sentence in August 2016. On May 11, 2017, a letter from defendant was filed with the clerk of the circuit court, in which defendant asked about the status of a "Motion for Reduction of Sentence" that, according to defendant, was filed on or about August 8, 2016.

¶ 11      The record also contains an undated handwritten letter from defendant in which he refers to "motions I have filed the past 2 ½ years," the first of which was allegedly filed on August 8, 2016. According to the undated letter, defendant had received a "status update saying that the motion had been filed on 5-11-17" but heard nothing after May 2017. Defendant related that he had sent additional inquiries without receiving a response, and so he "just filed another one on 11-18-18." The undated letter refers to three exhibits: "Exhibit 1: First Motion (2016)"; "Exhibit 2: Status Update (2017)" and "Exhibit 3: New Motion (2018)." The documents attached as "Exhibit 1" include an undated "Motion for Reduction of Sentence" that is not file-stamped, as well as a notarized affidavit dated August 9, 2016. "Exhibit 1" also includes a letter, dated August 8, 2016, in which defendant states that his motion is untimely because he lacked access to the prison law library. "Exhibit 2" consists of the letter file-stamped on May 11, 2017, inquiring about the motion for reduction of sentence.

¶ 12      On May 14, 2018, defendant filed a handwritten *pro se* motion, pursuant to Supreme Court Rule 471 (Ill. S. Ct. R. 471), requesting transcripts of proceedings in his case. On July 11, 2018, the trial court entered a written order denying that motion, noting that Rule 471 applies only when

a petition has been filed under the Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, but that no such petition was pending.[2]

¶ 13    On November 19, 2018, defendant filed a *pro se* motion for reduction of sentence. In that motion, he stated that his sentence should be reduced because the victim was shot in the foot and had no life-threatening injuries. On December 14, 2018, the trial court denied the motion in a written order, stating that defendant was "well past the 30-day time limit" to file a motion to reduce sentence under section 5-4.5-50(d) of the Unified Code of Corrections (730 ILCS 5/5-4.5-50(d) (West 2018)). Citing our supreme court's decision in *People v. Flowers*, 208 Ill. 2d 291 (2003), the trial court concluded that it no longer had jurisdiction because the authority of a trial court to alter a sentence terminates after 30 days. The court's order further stated that, even had the motion been timely, it was otherwise improper because "[t]o challenge a sentence following entry of a negotiated plea, a defendant must move to withdraw the plea and vacate the judgment."

¶ 14    On January 22, 2019, defendant mailed a notice of appeal, which was filed in the circuit court on February 1, 2019. On March 15, 2019, defendant filed with our court a motion for leave to file a late notice of appeal. We allowed that motion on March 27, 2019.

¶ 15    On appeal, defendant does not argue the merits of his request for a reduced sentence. Instead, he urges that the circuit court's admonishments at the time of his June 29, 2016 plea did not substantially comply with Supreme Court Rule 605(c), and thus we should remand for proper admonishments. He acknowledges that he did not file a motion to withdraw his plea within 30

---

[2]On August 21, 2018, defendant filed a notice of appeal from the order denying his Rule 471 motion. On August 31, 2018, the trial court entered an order directing the clerk of the circuit court *not* to transmit the notice of appeal to this court, since the order denying the Rule 471 motion was not a final appealable order.

days of imposition of sentence, as required by Rule 604(d) to challenge a sentence as excessive. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Nonetheless, he asserts that the "admonition exception" precludes dismissal of his appeal. He requests that we "remand for proper post-plea admonishments under the admonition exception since the trial court did not properly admonish him about how to perfect his appeal."

¶ 16    In response, the State initially contends that, because defendant's motion to reduce sentence was not filed within 30 days of the entry of judgment upon his plea, the trial court lacked subject matter jurisdiction to consider it. On that basis, the State urges that we should dismiss the appeal. Alternatively, the State asserts that the appeal is otherwise subject to dismissal since defendant failed to move to withdraw his plea before filing a motion to reduce sentence, as required by Rule 604(d). In this respect, the State argues that the "admonition exception" to compliance with Rule 604(d) is inapplicable.

¶ 17    We conclude that the trial court lacked jurisdiction to decide the untimely motion to reduce sentence, which was filed over two years after the entry of judgment upon defendant's plea. In turn, we cannot consider the merits of the appeal.

¶ 18    We reiterate that defendant pleaded guilty and was sentenced on June 29, 2016. The motion to reduce sentence was not filed until November 2018. Under Supreme Court Rules and precedent, the motion was untimely and the trial court lacked jurisdiction to consider it.

¶ 19    "The jurisdiction of trial courts to reconsider and modify their judgments is not indefinite. Normally, the authority of a trial court to alter a sentence terminates after 30 days. [Citation.]" *Flowers*, 208 Ill. 2d at 303. "Generally, a circuit court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment. [Citations.]" *People ex rel. Alvarez v. Skyrd*, 241 Ill. 2d 34, 40 (2011). A trial court's lack of jurisdiction is not a complete bar to a reviewing court's

exercise of jurisdiction. *People v. Bailey*, 2014 IL 115459, ¶ 29. Rather, our review is limited to considering the issue of jurisdiction below. *Id.*; see also *Flowers,* 208 Ill. 2d at 307. In *Flowers,* our supreme court explained:

> "Where * * * more than 30 days have elapsed since sentence was imposed [upon a guilty plea] and the trial court has not extended the limitation period upon proper application of defendant for good cause shown, the trial court is divested of jurisdiction to entertain a defendant's motion to vacate the judgment or reconsider the sentence pursuant to Rule 604(d). [Citation.]" 208 Ill. 2d at 303.

¶ 20    In this case, defendant was sentenced on June 29, 2016. He had 30 days in which to file a motion to withdraw his plea or reconsider sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Because he took no such action, and because imposition of sentence is a final judgment (*People v. Harrison*, 372 Ill. App. 3d 153, 155 (2007)), the trial court was divested of jurisdiction 30 days following the entry of defendant's sentence (*Bailey*, 2014 IL 115459, ¶ 26). Defendant did not file his motion to reduce sentence until November 2018, more than two years after having been sentenced and well outside the circuit court's 30-day jurisdictional window. Thus, by the time he filed his motion, "the circuit court no longer had the authority to consider it." *Flowers*, 208 Ill. 2d at 303 (recognizing circuit court lacked jurisdiction to consider Rule 604(d) motion filed more than 30 days after sentence was imposed).

¶ 21    Defendant suggests that, since the trial court's admonitions at the time of his plea did not substantially comply with Rule 605(c), we can nevertheless consider the appeal under the "admonition exception" derived from that Rule. However, as explained below, any alleged deficiencies in Rule 605(c) admonitions cannot avoid the circuit court's lack of jurisdiction due to defendant's untimely postplea motion.

¶ 22    Rule 605(c) provides that, "[i]n all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially" regarding his right to appeal, including:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty * * *;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

"Rule 605 is a necessary corollary to Rule 604(d)," as "[a]dmonishing defendants regarding the requirements of Rule 604(d) ensures that the ramifications of noncompliance comport with due process. [Citation.]" *Skyrd*, 241 Ill. 2d at 41.

¶ 23    Because "[d]ismissal of an appeal based on a defendant's failure to file the requisite motions in the circuit court would violate due process if the defendant did not know that filing such motions was necessary," our supreme court has "recognized an 'admonition exception' to Rule 604(d)." *Id.* (citing *Flowers*, 208 Ill. 2d at 301). Under this exception: "Where a circuit court fails to give applicable Rule 605 admonishments and the defendant attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Rather, the appellate court must remand the cause to the circuit court for strict compliance with Rule 604(d)." *Id.* (citing *Flowers*, 208 Ill. 2d at 301).

¶ 24    In the instant appeal, defendant asserts that the admonition exception applies, as the trial court's admonitions at the time of his plea did not substantially comply with Rule 605(c). Defendant thus argues that we should remand for the trial court to properly admonish him.

¶ 25    We disagree, as defendant's reliance on the admonishment exception is misplaced. Even assuming that the trial court's admonitions did not substantially comply with Rule 605(c), the admonishment exception would not overcome the trial court's lack of jurisdiction to consider his untimely motion to reduce sentence.

¶ 26    Our supreme court's decision in *Skyrd* is dispositive on this point. In that case, defendant entered into a negotiated plea in May 1998. 241 Ill. 2d at 36. At the corresponding hearing, the trial court did not admonish defendant regarding his right to appeal. *Id.* at 37. In April 2010, defendant filed a motion to withdraw his guilty plea and vacate his conviction, arguing he could do so because he had not been admonished of his appeal rights when he entered his plea. *Id.* The circuit court granted the motion to withdraw his plea and the State filed a motion to reconsider, contending that the circuit court lacked jurisdiction because the motion to withdraw was not filed within 30 days after the guilty plea. *Id.* at 37-38. After the circuit court denied the motion to

reconsider, the State filed a motion in the supreme court for leave to file a complaint seeking a writ of *mandamus* or prohibition against the circuit court judge (the Honorable David Skyrd) as respondent. *Id.* at 38.

¶ 27    Before our supreme court, the State argued that the circuit court lacked jurisdiction over defendant's motion to withdraw his guilty plea because defendant filed it more than 30 days after his guilty plea. *Id.* The defendant countered that the circuit court was "not divested of jurisdiction because defendant was not admonished regarding his appeal rights." *Id.* at 38. Our supreme court held that the admonishment exception did not allow defendant to "avoid the circuit court's 30-day jurisdictional limitation," explaining:

> "The admonition exception provided by Rule 605 is for the *appellate court* to apply after defendant timely files a notice of appeal from a guilty plea even though the defendant did not first comply with Rule 604(d)'s condition precedent of filing a postplea motion in the circuit court. *Flowers*, 208 Ill. 2d at 301. The admonition exception cannot restore jurisdiction to the circuit court after 30 days from entry of judgment. [Citation.] While the absence of admonishments is erroneous, that error does not render the judgment of the circuit court void, so that a defendant can raise the issue at any time. [Citations.]" (Emphasis in original.) *Id.* at 42.

¶ 28    Our supreme court concluded:

> "the admonition exception is inapplicable because defendant did not mistakenly file a timely notice of appeal without first filing a Rule 604(d) motion in the circuit court. Rather, defendant filed in the circuit court an untimely motion to withdraw his guilty plea. The circuit court's jurisdiction over defendant's guilty plea and resulting conviction had long since lapsed by the time defendant finally asserted his

belated request for relief pursuant to Rule 604(d). Therefore, respondent [the circuit court judge] had no authority to address the Rule 604(d) motion on the merits." *Id.* at 43.

Instead, the circuit court in *Skyrd* "should have refused to entertain the motion and should have dismissed it for lack of jurisdiction." *Id.* Accordingly, our supreme court awarded the writ of *mandamus* and directed the circuit court judge to dismiss defendant's motion for lack of jurisdiction. *Id.* at 44.

¶ 29 In this appeal, defendant argues that *Skyrd* is distinguishable in multiple respects. We find those contentions unavailing. First, defendant suggests that, even if the circuit court was without jurisdiction to consider his untimely motion, our court may still remand since the "admonition exception is for reviewing courts" to apply. He argues: "while the circuit court in *Skyrd* did not have the authority to grant relief" our court "does have the authority to remand [his] case for compliance with Rule 605(c)." This argument is without merit, as it ignores the principle that "[a] void order does not cloak the appellate court with jurisdiction to consider the merits of an appeal." *Flowers,* 208 Ill. 2d at 307. Rather, if the trial court lacks jurisdiction, our appellate jurisdiction is limited to assessing the trial court's lack of jurisdiction. See *id.* ("because the circuit court had no jurisdiction to consider Flowers' Rule 604(d) motion, the appellate court, in turn, had no authority to consider the merits of her appeal from the circuit court's judgment denying her motion. The only matter properly before the appellate court was the circuit court's lack of jurisdiction over Flowers' untimely Rule 604(d) motion.").

¶ 30 Nevertheless, defendant suggests that our court's decision to allow his late notice of appeal from the circuit court's December 14, 2018 order "solv[es] the jurisdictional problem" and distinguishes his situation from *Skyrd.* Defendant's argument is unavailing. He confuses the issue

of whether his notice of appeal was timely for purposes of Rule 606(c) from the question of whether his motion to reconsider his sentence was filed within 30 days of his sentence, as necessary for the circuit court to have jurisdiction to entertain the motion. Defendant cites no authority to suggest that our court's allowance of a late notice of appeal allows us to ignore the lack of circuit court jurisdiction resulting from his failure to file a motion in the trial court within 30 days. See *Flowers*, 208 Ill. 2d at 303 (where more than 30 days have elapsed since sentence was imposed, the trial court is divested of jurisdiction to entertain defendant's motion to vacate the judgment or reconsider the sentence).

¶ 31 Defendant additionally attempts to distinguish his case from *Skyrd* because, unlike the 12-year gap between the plea and postplea motion in that case, he has "been attempting to challenge his sentence since shortly after entering his plea." He draws our attention to the letters in the record in which he claims to have attempted to file a motion in August 2016, describes his attempts to obtain status updates on his motion, and references difficulties in obtaining access to the prison law library. He essentially suggests that imposing the result mandated by *Skyrd* and *Flowers* is unduly harsh, given his attempts to seek relief in the circuit court. Nonetheless, our precedent is clear that the circuit court loses jurisdiction 30 days after imposition of sentence. In this case, the record simply shows no timely motion filed with the circuit court within that time period.

¶ 32 We reiterate that defendant's claim that he received defective admonishments does not allow him to circumvent the circuit court's lack of jurisdiction due to his untimely motion to reduce sentence. As our supreme court made clear in *Skyrd*, the "admonition exception cannot restore jurisdiction to the circuit court after 30 days from entry of judgment. [Citation.]" 241 Ill. 2d at 42. Thus, the allegedly defective admonitions at his plea hearing cannot avoid the effect of his untimely motion to reduce sentence. His motion to reduce sentence was filed well after the circuit

court's 30-day jurisdictional limitation, and so the circuit court lacked authority to consider it. In turn, we cannot consider the merits of his appeal. That said, defendant is not without a vehicle in which to assert his due process claim. The Post-Conviction Hearing Act provides a mechanism by which a defendant may collaterally attack a conviction by asserting that it resulted from a "substantial denial" of his constitutional rights. See 725 ILCS 5/122.1 (West 2020).

¶ 33    With respect to the specific disposition of the appeal, *Flowers* suggests that we vacate the circuit court's December 14, 2018 order upon defendant's untimely motion to reduce sentence and dismiss the appeal. *Flowers,* 208 Ill. 2d at 307 (where the trial court lacked jurisdiction to entertain an untimely Rule 604(d) motion, the appellate court should have vacated the trial court's judgment and dismissed the appeal). More recently, however, our supreme court has indicated that it is not appropriate to dismiss the appeal, as it would leave intact the trial court's ruling despite its lack of jurisdiction. *Bailey*, 2014 IL 115459, ¶ 28 ("dismissing an appeal effectively leaves the lower court's ruling on the merits undisturbed and intact," which is "not the appropriate outcome" if the trial court lacked jurisdiction). Instead, *Bailey* instructs that where the trial court lacked jurisdiction over a defendant's untimely motion, the appellate court "need not dismiss the appeal" but should vacate the trial court's judgment and order that defendant's motion be dismissed. *Id.* ¶ 29.

¶ 34    For the foregoing reasons, we vacate the judgment of the circuit court of Cook County and dismiss the underlying motion.

¶ 35    Order vacated; motion dismissed.