NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220328-U

NOS. 4-22-0328, 4-22-0483 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 3, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| JOSEPH T. WISNIEWSKI, | ) | No. 18CF226 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher E. Reif, |
| | ) | Judge Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   (1) Specific directions in a mandate make the circuit court's role, on remand, merely ministerial, and the court lacks authority to do anything other than what the directions require.

(2) In a postconviction proceeding, only a final judgment is appealable, and an order in which the circuit court acknowledges its lack of jurisdiction during the pendency of an appeal is not a final judgment.

¶ 2    Defendant, Joseph T. Wisniewski, is serving a prison term for criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2018)), an offense to which he had pleaded guilty in the Morgan County circuit court. He has filed two appeals, which we have consolidated.

¶ 3    In the first appeal, case No. 4-22-0328, defendant complains of the circuit court's failure to follow our mandate in a previous appeal. We find this complaint to be well-founded. Therefore, in case No. 4-22-0328, we vacate the noncompliant order by the circuit court, and we

remand this case with directions to follow our original mandate before conducting any further proceedings.

¶ 4        In the other appeal, case No. 4-22-0483, defendant challenges what he characterizes as a summary dismissal of his amended petition for postconviction relief. The slip order from which he appeals, however, contains no language of summary dismissal. Instead of rendering a final judgment, the slip order merely notes—correctly—the circuit court's lack of jurisdiction. Absent a final judgment, we dismiss the appeal in case No. 4-22-0483 for lack of jurisdiction.

¶ 5                                    I. BACKGROUND

¶ 6        On March 5, 2019, defendant entered into a negotiated guilty plea to one count of criminal sexual assault. See 720 ILCS 5/11-1.20(a)(3) (West 2018). The circuit court sentenced him to the agreed-upon prison term of 10 years.

¶ 7        On October 24, 2019, the circuit court received from defendant a *pro se* letter, in which he requested "Post Conviction relief" or permission to withdraw his guilty plea. The stated ground for this requested relief was that the victim, by her own admission, had falsely implicated defendant. This *pro se* letter—which we will call the "second letter" because defendant sent the court other letters—read as follows:

> "My name is Joseph Wisniewski. I'm writ[]ing you about case # 2018-CF-226. On Oct 10th in case # 2018-JA-18 and case # 2018-JA-19 there was new evidence given to all part[ies] in a handwrit[t]en letter saying I did not do any of the things I was said to have done in this case.
>
> The person that gave the letter also talked to my lawyer Robert V. BonJean III also her lawyer Thomas H. Piper GAL and told them she lied about all she said at the start.

- 2 -

In her doing this I'm asking for you to please withdraw my plea or Post Conviction relief based on new evidence being given to the court in case # 2018-JA-18 and 19 prov[]ing my innocence in case # 2018-CF-226.

I am also req[u]esting this because not only I did not do any of the things that was said I did and A.W. recanted in a handwrit[t]en letter that was given by A.W. in case # 2018-JA-18 and 19 saying I did not do these things. I also want my case reopened because I had ineffective assistance."

Although defendant requested "Post Conviction relief" apparently as an alternative to a withdrawal of his guilty plea, he did not cite or otherwise mention the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 (West 2018)).

¶ 8     At first, the circuit court seemed uncertain how to classify this second letter, whether as a postplea motion or as a postconviction petition. This ambivalence is reflected in the order the court entered on October 24, 2019, the same day it received the letter:

"The Defendant's Motion to Withdraw Plea is untimely and therefore, the Court lacks jurisdiction to hear the Motion. If the motion were to be construed as a Post Conviction Motion[,] then the Court[,] after review[,] finds it to be frivolous and patently without merit. The Court also notes that the Motion is not supported by affidavits or documents. There is also no reason given why these requirements are not met.

Wherefore, this matter is summarily dismissed if a post-conviction petition."

Thus, the court classified the second letter as a motion to withdraw the guilty plea—a motion the court denied on the ground of untimeliness. But the court added that if it was wrong about this

classification and if the letter was, instead, a postconviction petition, the court found the petition to be frivolous and patently without merit, and the court summarily dismissed it. See 725 ILCS 5/122-2.1(a)(2) (West 2018).

¶ 9        In November 2019, the circuit court received two further letters from defendant, in which he reiterated his claims of actual innocence and ineffective assistance. On November 15, 2019, the court entered an order reading as follows: "The Court has already ruled on [defendant's] Post-Conviction Petition. [Defendant] did not obtain leave to file a successive petition."

¶ 10        On January 6, 2020, in response to further correspondence from defendant, the circuit court entered an order stating emphatically, "DEFENDANT IS NOT GRANTED LEAVE TO FILE REPEATED SUCCESSIVE POST CONVICTION PETITIONS."

¶ 11        Defendant then appealed, but we dismissed his appeal for lack of jurisdiction. *People v. Wisniewski*, 2021 IL App (4th) 200069-U. On September 30, 2021, however, in the exercise of its supervisory authority, the supreme court directed us to vacate our judgment and to consider the appeal on its merits.

¶ 12        We did so. In our second decision in this case, we observed that, after its initial ambivalence in October 2019, the circuit court entered further orders, which definitively recharacterized defendant's correspondence as postconviction petitions. See *People v. Wisniewski*, 2021 IL App (4th) 200069-UB, ¶ 29. This recharacterization, we explained, was problematic because in *People v. Shellstrom*, 216 Ill. 2d 45, 57 (2005), the supreme court had held that *before* recharacterizing a pleading as a postconviction petition, the circuit court was required to do the following:

" '(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any

- 4 -

subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has.' " *Wisniewski*, 2021 IL App (4th) 200069-UB, ¶ 28 (quoting *Shellstrom*, 216 Ill. 2d at 57).

In other words, if the circuit court intended to recharacterize a pleading as a postconviction petition, the court had to accomplish the three-step procedure in *Shellstrom* before the recharacterization could take effect.

¶ 13       We noted that, in November 2019 (see *id.* ¶ 14) and January 2020 (see *id.* ¶ 21), the circuit court recharacterized defendant's correspondence as a postconviction petition. Consequently, in our second decision in this case, we essentially told the court, "If you intend to recharacterize defendant's correspondence as a postconviction petition, you may not carry through with that intention unless you first fulfill the procedural requirements of *Shellstrom*." Accordingly, we vacated the recharacterization and remanded the case for compliance with *Shellstrom*. See *id.* ¶ 32.

¶ 14       On March 31, 2022, on remand, the circuit court held a hearing on the second letter, the letter of October 24, 2019. Noting that this letter neither referenced the Act nor was titled as a postconviction petition, the court decided to "treat this as a Motion to Withdraw Plea." Thus, instead of following the procedures in *Shellstrom*, the court now chose to characterize the second letter as a postplea motion, not as a postconviction petition. Because a postplea motion had to be filed within 30 days after the sentence was imposed (see *People v. Jackson*, 2021 IL App (1st) 190539-U, ¶ 20), the court denied the postplea motion (now so characterized) on the ground of untimeliness. On April 19, 2022, defendant filed a notice of appeal—case No. 4-22-0328, one of

the appeals presently before us—in which he protested that on March 31, 2022, by dismissing the second letter, the circuit court "did not do what the appellate court [had] ordered it to do."

¶ 15        On May 6, 2022, a month after he filed his notice of appeal in case No. 4-22-0328, defendant filed a *pro se* pleading titled "Post-Conviction P[e]tition," in which he accused defense counsel of ineffective assistance. Specifically, he made four allegations against defense counsel. First, defense counsel failed to review evidence and to investigate the victim's recantation. Second, defense counsel falsely advised defendant that mandatory supervised release was merely the period during which defendant would be required to register as a sex offender, neglecting to warn him that if, while on mandatory supervised release, he could not find a place of residence, he could be imprisoned indefinitely. Third, defense counsel failed to inform defendant that if he pleaded guilty, he might be on parole for the rest of his life. Fourth, defense counsel refused defendant's request to file a motion to withdraw the guilty plea. In addition to those claims of ineffective assistance of counsel, defendant raised a claim of actual innocence, which was based on a letter of recantation from the victim, A.W.

¶ 16        On May 6, 2022, the circuit court entered a handwritten order, a slip order, which stated simply, "This matter is on appeal and therefore, this Court does not have jurisdiction of new petitions. C.T.N." The docket entry for that date reads as follows:

> "Post Conviction Petition filed by defendant.
>
> Motion for Appointment of Counsel filed by defendant.
>
> Judge's Docket Order—This matter is on appeal and therefore, this Court does not have jurisdiction of new petitions. C.T.N.
>
> Copy of order forwarded to defendant."

¶ 17 On June 1, 2022, defendant filed another notice of appeal, in which he specified May 6, 2022, as the date of the judgment or order from which he appealed. In other words, he appealed from the slip order. He claimed, in this notice of appeal, that the slip order "denied a[n] amended post conviction." His appeal from the slip order is the other appeal that is presently before us, case No. 4-22-0483.

¶ 18                                    II. ANALYSIS

¶ 19                     A. Characterizing the Second Letter, on Remand, as a

               Postplea Motion and Then Dismissing the Motion as Untimely

¶ 20 Our mandate in the previous appeal, case No. 4-20-0069 (the appeal after the supervisory order), stated simply, "Vacated and remanded with directions," without specifying what the directions were. But the directions were clearly spelled out in the Rule 23 order to which the mandate corresponded. At the conclusion of that order, we directed the circuit court "to give defendant an opportunity to withdraw his *pro se* pleading (his second letter) or, in the alternative, to amend it." *Wisniewski*, 2021 IL App (4th) 200069-U, ¶ 32. "If a cause is remanded with directions that are not specified" in the mandate, "the court to which the cause is remanded must examine the reviewing court's opinion and proceed in conformity with the views expressed in it." *Barnai v. Wal-Mart Stores, Inc.*, 2021 IL App (1st) 191306, ¶ 43. Instead of proceeding in conformity with the directions we gave at the conclusion of the Rule 23 order (see *Wisniewski*, 2021 IL App (4th) 200069-U, ¶ 32), the circuit court, on remand, revised its classification of the second letter, construing it now as a postplea motion and dismissing it as untimely.

¶ 21 Defendant contends that the circuit court thereby violated the mandate. The State agrees with that contention, and so do we. The circuit court had "no power to do any thing but carry out the specific directions" of the mandate (internal quotation marks omitted) (*People v.*

- 7 -

*Brown*, 2022 IL 127201, ¶ 21), namely, "to give defendant an opportunity to withdraw his *pro se* pleading (his second letter) or, in the alternative, to amend it" (*Wisniewski*, 2021 IL App (4th) 200069-U, ¶ 32). Unilaterally changing the classification of the second letter back to that of a postplea motion and immediately dismissing the second letter on that basis violated the mandate. Therefore, in case No. 4-22-0328, we vacate the dismissal of the second letter, and we remand this case with directions to follow our original mandate by giving defendant the opportunity to withdraw or amend the second letter. See *People v. Bosley*, 233 Ill. App. 3d 132, 138 (1992). Only after giving defendant that opportunity should the court conduct further appropriate proceedings.

¶ 22          B. The Supposed Summary Dismissal of the Amended Postconviction Petition

¶ 23          Defendant represents to us that the circuit court "summarily dismissed" his amended petition on May 6, 2022, "the day it was filed." When we turn, however, to the page of the record he cites in support of that representation, we see no summary dismissal. Instead, we see a slip order that, in its entirety, reads as follows: "This matter is on appeal and therefore, this Court does not have jurisdiction of new petitions. C.T.N." A summary dismissal of a postconviction petition evaluates the merits of the petition by finding that the petition is "frivolous or *** patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). In its slip order, instead of evaluating the merits of the amended petition, the circuit court said it lacked jurisdiction to do so.

¶ 24          The circuit court was right about its lack of jurisdiction. Upon the filing of the notice of appeal, the circuit court loses jurisdiction to "enter any order of substance in the cause." *People v. Chapman*, 2018 IL App (1st) 163045, ¶ 4; see also *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173-74 (2011) (holding that "[o]nce the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause of action is beyond the jurisdiction of the circuit court," except that the circuit court retains jurisdiction "to determine matters collateral or

- 8 -

incidental to the judgment," such as a petition for fees or a stay of judgment); *Federal Savings & Loan Ass'n of Chicago v. American National Bank & Trust Co. of Chicago*, 100 Ill. App. 2d 460, 466 (1968) (holding that, "with the filing of notice of appeal the trial court was divested of its jurisdiction to enter the order permitting the filing of further pleadings"). The amended postconviction petition, to which the slip order responded, purported to amend the second letter. But dismissal of the second letter was the subject of a pending appeal—the other appeal presently before us. As the circuit court recognized, the pendency of that appeal removed from the circuit court the jurisdiction to render any judgment with respect to the second letter.

¶ 25            Consequently, there is no final judgment for us to review in case No. 4-22-0483. See Ill. S. Ct. R. 651(a) (eff. July 1, 2017) (providing that "[a]n appeal from a final judgment of the circuit court in any postconviction proceeding shall lie to the Appellate Court"). To put it differently, there is no judgment that "fixes the rights of the parties in the lawsuit" and "determines the litigation on the merits." *In re D.D.*, 212 Ill. 2d 410, 418 (2004). Therefore, we dismiss the appeal in case No. 4-22-0483 for lack of jurisdiction.

¶ 26            Finally, we again deny defendant's request that we order the assignment of this case to a different judge. We are unconvinced by defendant's claim that the judge's noncompliance with our mandate creates an "appearance of judicial neglect or bias *** as damaging to the integrity of the judiciary as actual bias." A reasonable argument could be made in defense of the judge's decision, on remand, to classify the second letter as a postplea motion. Such an argument might begin with the supreme court's words:

> "*Shellstrom* makes plain that a trial court has *no obligation* to recharacterize a
> *pro se* pleading pursuant to section 122-1(d) [(725 ILCS 5/122-1(d) (West 2006))].
> It cannot be error for a trial court to fail to do something it is not required to do.

Accordingly, we hold that, in light of section 122-1(d), a trial court's decision *not* to recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error." (Emphases in original.) *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010).

On the basis of that passage from *Stoffel*, an argument could be made that "it cannot be error"—even on remand for compliance with *Shellstrom*—if a circuit court declines to recharacterize a *pro se* pleading as a postconviction petition. *Id.* A further argument could be made that, by construing the second letter as a postplea motion, the circuit court did not so much defy our mandate as eliminate the factual context to which our mandate applied, that is, the circuit court's presumed intention to recharacterize the second letter as a postconviction petition. See *Scheffel & Co., P.C. v. Fessler*, 356 Ill. App. 3d 308, 312 (2005) (holding that "the law of the case is not binding on the trial court in a subsequent stage of litigation when *** the underlying facts change"); *Bismarck Hotel Co. v. Sutherland*, 175 Ill. App. 3d 739, 745 (1988) (concluding that "the facts of this case require a different interpretation than we reached in our earlier opinion"). Because specific directions in a mandate make the circuit court's role, on remand, merely ministerial (*Brown*, 2022 IL 127201, ¶ 24), and because revising the classification of the second letter goes beyond the ministerial performance of our mandate, we would disagree with these counterarguments. Nevertheless, these counterarguments would deserve to be taken seriously. The circuit court's disobedience is not quite so clear-cut as defendant claims.

¶ 27                                III. CONCLUSION

¶ 28            For the foregoing reasons, we vacate the dismissal of the second letter in case No. 4-22-0328, and we remand that case with directions to first give defendant an opportunity to withdraw his second letter or to amend it. Only after giving defendant that opportunity should the

circuit court conduct further proceedings not inconsistent with this order. We dismiss the appeal in case No. 4-22-0483 for lack of jurisdiction.

¶ 29  No. 4-22-0328, Vacated and remanded with directions.

¶ 30  No. 4-22-0483, Appeal dismissed.