Docket No. 110498.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

———————

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* ANITA ALVAREZ, Petitioner, v. DAVID SKRYD, Respondent.

*Opinion filed February 3, 2011.*

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Thomas, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

Petitioner, Anita Alvarez, State's Attorney of Cook County, seeks a writ of *mandamus* or prohibition against respondent, the Honorable David Skryd, judge of the circuit court of Cook County. See Ill. Const. 1970, art. VI, §4(a). Respondent granted the motion of defendant, Efrain Loza, to withdraw defendant's approximately 12-year-old guilty plea and vacate his misdemeanor conviction. The State requests an order compelling respondent to rescind his order and dismiss defendant's motion for lack of jurisdiction. We award the State a writ of *mandamus*.

## I. BACKGROUND

At the outset we make two observations. First, in an original action to review a judicial act, the judge is only a nominal party in the proceeding. Counsel for the prevailing party below may file papers for that party, but shall not file any paper in the name of the judge. Ill. S. Ct. R. 381(c) (eff. Dec. 29, 2009). Second, our recitation of the undisputed facts is taken from limited sources for a limited purpose. In an original *mandamus* proceeding: "Only issues of law will be considered. The proposed complaint shall be sworn to and shall contain or have attached to it the lower court records or other pertinent material that will fully present the issues of law." Ill. S. Ct. R. 381(a) (eff. Dec. 29, 2009). Here, the parties have attached to their pleadings only those portions of the record in support of their respective legal arguments.

On May 21, 1998, defendant entered into a negotiated plea of guilty to one count of misdemeanor possession of cannabis (720 ILCS 550/4(c) (West 1998)) in exchange for two days in the Cook County jail, time considered served. The circuit court held a hearing on defendant's guilty plea (see Ill. S. Ct. R. 402 (eff. July 1, 1997)), which is memorialized, in full, as follows:

> "CLERK: Efrain Loza.
>
> [Defense Counsel]: *** We would accept the State's offer time considered served and tender a jury waiver.
>
> COURT: Is that what you are agreeing to, two days House of Corrections, time considered served?
>
> Defendant: Yes.
>
> COURT: You are giving up right to a jury, right to insist the State prove the case beyond a reasonable doubt. Are you aware you are giving up those rights?
>
> Defendant: Yes.
>
> COURT: Still pleading guilty?
>
> Defendant: Yes.
>
> COURT: That is the order."

These were the court's only admonishments to defendant.

On April 7, 2010, defendant filed a motion to withdraw his guilty plea and vacate his conviction. Defendant alleged that at the time of

-2-

his conviction, he was a Mexican citizen, but a lawful permanent resident in the United States. However, as a result of defendant's conviction, his "petition for citizenship is being denied and he is subject to removal." Defendant contended that he was entitled to withdraw his guilty plea because at the hearing on the plea the circuit court failed to admonish him of his appeal rights as required by Supreme Court Rule 605(c) (Ill. S. Ct. R. 605(c) (eff. Aug. 1, 1992)).[1] At a hearing on the motion to withdraw, the State argued that the motion, filed nearly 12 years after the guilty plea, should be dismissed as untimely. Without explanation, respondent granted defendant's motion.

The State filed a motion to reconsider, in which it contended that the circuit court lacked jurisdiction over defendant's motion to withdraw because it was not filed within 30 days of the entry of the guilty plea, as required by Supreme Court Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Aug. 1, 1992)). At the close of a hearing, again without explanation, respondent denied the State's motion to reconsider.

The State filed a motion with this court for leave to file a complaint seeking a writ of *mandamus* or prohibition against respondent. Ill. S. Ct. R. 381(a) (eff. Dec. 29, 2009). We allowed the State's motion for leave to file the complaint.


## II. ANALYSIS

Before this court, the State contends that respondent lacked jurisdiction over defendant's motion to withdraw his guilty plea and vacate his conviction because defendant filed his motion beyond 30 days–indeed, nearly 12 years–after his guilty plea. Defendant counters that respondent was not divested of jurisdiction because defendant was not admonished regarding his appeal rights.

Article VI, section 4(a), of the Illinois Constitution confers upon

---

[1]Citing section 113–8 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113–8 (West 2008)), defendant also assigned error to the circuit court's failure to advise defendant of the immigration consequences of the conviction. Defendant correctly does not pursue this assignment of error before this court because this statutory admonishment was not enacted until 2003, effective January 2004.

this court discretionary original jurisdiction to hear *mandamus* cases. Ill. Const. 1970, art. VI, §4(a). *Mandamus* is an extraordinary remedy used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 192-93 (2009). The issue presented in this case is not whether respondent's order was discretionary or ministerial, but whether respondent lacked the power to enter the order. *Mandamus* is an appropriate remedy to correct an order entered by a court that erroneously assumed jurisdiction which the court did not possess (*People ex rel. Bradley v. McAuliffe*, 24 Ill. 2d 75, 78 (1962) (collecting cases)) or to expunge a void order entered by a tribunal without jurisdiction (*Daley v. Laurie*, 106 Ill. 2d 33, 40 (1985); *People ex rel. Carey v. White*, 65 Ill. 2d 193, 197 (1976); *People ex rel. Courtney v. Prystalski*, 358 Ill. 198, 201-02 (1934)).[2] A writ of *mandamus* will be awarded only if the petitioner establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply with the writ. Although *mandamus* generally provides affirmative rather than prohibitory relief, the writ can be used to compel the undoing of an act. *Konetski*, 233 Ill. 2d at 193 (collecting cases).

Supreme Court Rule 604(d) provides in pertinent part: "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which the sentence is imposed, files in the trial court ***, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Aug. 1, 1992). This court has repeatedly observed that our rules are not mere suggestions. Rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written. *People v. Houston*, 226 Ill. 2d 135, 152 (2007); *People v. Campbell*, 224 Ill. 2d 80, 87 (2006).

---

[2]Similarly, a writ of prohibition may be used to prevent a judge from acting where he or she has no jurisdiction to act, or to prevent a judicial act which is beyond the scope of a judge's legitimate jurisdictional authority. See *People ex rel. Devine v. Stralka*, 226 Ill. 2d 445, 449-50 (2007) (and cases cited therein).

The purpose of Rule 604(d)

> "is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. [Citation.] A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea." *People v. Wilk*, 124 Ill. 2d 93, 104 (1988).

The rule was designed to eliminate needless trips to the appellate court and to give the circuit court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where a defendant's claim is disallowed. *Id.* at 106. Accordingly: "Rule 604(d) establishes a condition precedent for an appeal from a defendant's plea of guilty." *Id.* at 105. As a general rule, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits. Where a defendant has failed to file a motion to withdraw the guilty plea, the appellate court must dismiss the appeal. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003) (collecting cases).

In addressing appeals from judgments entered upon guilty pleas, Rule 604(d) has ramifications not only for the appellate court, but for circuit courts as well. Article VI, section 9, of the Illinois Constitution confers upon circuit courts jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, §9. "As applied in the context of criminal proceedings, the term 'subject matter' jurisdiction means the power to hear and determine a given case." *People v. Davis*, 156 Ill. 2d 149, 156 (1993). However, once cases are heard and determined, "[t]he jurisdiction of trial courts to reconsider and modify their judgments is not indefinite." *Flowers*, 208 Ill. 2d at 303. Generally, a circuit court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment. *Beck v. Stepp*, 144 Ill. 2d 232, 238 (1991); *People v. Heil*, 71 Ill. 2d 458, 461 (1978); see *Holwell v. Zenith Electronics Corp.*, 334 Ill. App. 3d 917, 922 (2002); *Weilmuenster v. H.H. Hall*

*Construction Co.*, 72 Ill. App. 3d 101, 105 (1979). In *Flowers*, this court stated:

> "This 30-day limitation is incorporated into Rule 604(d), which governs postjudgment motions in cases such as the one before us where the defendant has pleaded guilty. Where, as here, more than 30 days have elapsed since sentence was imposed and the trial court has not extended the limitation period upon proper application of defendant for good cause shown, the trial court is divested of jurisdiction to entertain a defendant's motion to vacate the judgment or reconsider the sentence pursuant to Rule 604(d)." *Flowers*, 208 Ill. 2d at 303.

Therefore, in the present case, by the time defendant filed his motion to withdraw his guilty plea and vacate his conviction, the circuit court no longer had the authority to consider it.

However, defendant notes that at the hearing on his guilty plea, the circuit court indisputably failed to advise him regarding the right to appeal. "In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence," Supreme Court Rule 605(c) sets forth admonitions that a defendant must substantially receive. Ill. S. Ct. R. 605(c) (eff. Aug. 1, 1992). This court has explained that Rule 605 is a necessary corollary to Rule 604(d). Admonishing defendants regarding the requirements of Rule 604(d) ensures that the ramifications of noncompliance comport with due process. See *People v. Foster*, 171 Ill. 2d 469, 472 (1996). Dismissal of an appeal based on a defendant's failure to file the requisite motions in the circuit court would violate due process if the defendant did not know that filing such motions was necessary. *Flowers*, 208 Ill. 2d at 301.

Accordingly, this court has recognized an "admonition exception" to Rule 604(d). Where a circuit court fails to give applicable Rule 605 admonishments and the defendant attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Rather, the appellate court must remand the cause to the circuit court for strict compliance with Rule 604(d). *Id.* (collecting cases).

Citing *People v. Egge*, 194 Ill. App. 3d 712 (1990), defendant relies solely on the "admonition exception" to Rule 604(d) to avoid

the circuit court's 30-day jurisdictional limitation. *Egge* is unavailing. There, the appellate court stated that the lapse of more than 30 days from the imposition of sentence generally divests the circuit court of jurisdiction to entertain a motion to withdraw a guilty plea and vacate the judgment. However, the court proceeded to recognize the absence of proper Rule 605 admonishments as an exception to the *circuit court's* 30-day jurisdictional limitation. *Id.* at 716. This linkage is erroneous. The admonition exception provided by Rule 605 is for the *appellate court* to apply after defendant timely files a notice of appeal from a guilty plea even though the defendant did not first comply with Rule 604(d)'s condition precedent of filing a postplea motion in the circuit court. *Flowers*, 208 Ill. 2d at 301. The admonition exception cannot restore jurisdiction to the circuit court after 30 days from entry of judgment. See, *e.g.*, *id*. at 306. While the absence of admonishments is erroneous, the error does not render the judgment of a circuit court void, so that a defendant can raise the issue at any time. See *People v. Jones*, 213 Ill. 2d 498, 509 (2004); *Davis*, 156 Ill. 2d at 156-57.

Defendant argues that respondent, retaining jurisdiction pursuant to *Egge*, had the duty to balance defendant's untimely filing of his motion to vacate his guilty plea and vacate his conviction against the effect of the Rule 605 violation on defendant's constitutional rights. However, it is not for the circuit and appellate courts to balance the filing requirements contained in supreme court rules against claimed deprivations of constitutional rights. Rather, "the appellate and circuit courts of this state *must* enforce and abide by the rules of this court." (Emphasis in original.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). This court has admonished counsel and courts that Rules 402, 604(d), and 605, which concern guilty pleas:

> "are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants. *** [T]hey have been constructed to conform this State's criminal justice system to Federal constitutional standards and to avoid some of the excesses that both the State and defense counsel occasionally employ while they attempt to zealously represent their opposing interests. [Citations.] These rules are not written in a vacuum and they represent our best efforts at ordering the complex and delicate

-7-

process of plea bargains and guilty pleas." *Wilk*, 124 Ill. 2d at 103-04.

Defendant correctly observes that *Egge* has never been explicitly overruled. However, it is readily apparent that *Egge* has been effectively overruled *sub silentio* by this court's subsequent decisions. We today make explicit what had been implicit in cases like *Flowers*, *Jones*, and *Lyles*. *Egge* is no longer valid law.

In the present case, the admonition exception is inapplicable because defendant did not mistakenly file a timely notice of appeal without first filing a Rule 604(d) motion in the circuit court. Rather, defendant filed in the circuit court an untimely motion to withdraw his guilty plea. The circuit court's jurisdiction over defendant's guilty plea and resulting conviction had long since lapsed by the time defendant finally asserted his belated request for relief pursuant to Rule 604(d). Therefore, respondent had no authority to address the Rule 604(d) motion on the merits. As it is undisputed that defendant's motion to vacate his guilty plea was well beyond the time limits permitted by Rule 604(d), it is clear that respondent should have refused to entertain the motion and should have dismissed it for lack of jurisdiction. Even if he had found defendant's Rule 605 contention meritorious, respondent could not have granted defendant relief.

## III. CONCLUSION

For the foregoing reasons, a writ of *mandamus* is awarded to the State. Respondent is directed to rescind his April 20, 2010, order and is further directed to dismiss defendant's motion for lack of jurisdiction.

Writ awarded.