NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220289-U

NOS. 4-22-0289, 4-22-0290, 4-22-0291 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| CHAD McADAMS, | ) | No. 19CF96 |
| Defendant-Appellant. | ) | No. 20CF44 |
| | ) | No. 21CF139 |
| | ) | |
| | ) | Honorable |
| | ) | Zachary Schmidt, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justice Doherty concurred in the judgment.
Justice Turner dissented.

**ORDER**

¶ 1    *Held*: The appellate court dismissed the appeal where defendant failed to file a motion to vacate his guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    Defendant, Chad McAdams, appeals the trial court's order sentencing him to a 20-year period of incarceration in the Illinois Department of Corrections (IDOC). Defendant also appeals the court's order denying his motion to reduce his sentence. Defendant contends that he was not given the required sentencing hearing upon revocation of his conditional discharge and that he was improperly denied counsel after he filed a *pro se* motion to reduce his sentence. Because defendant's sentence resulted from a fully negotiated guilty plea and defendant did not file a motion to withdraw the plea and vacate the sentence, we dismiss this appeal.

¶ 3                                    I. BACKGROUND

¶ 4            On July 28, 2021, defendant, who was represented by counsel, entered into a written plea agreement with the State. Pursuant to that agreement, defendant agreed to plead guilty to the following felonies, all of which carried extended sentences because of defendant's past convictions: (1) retail theft, (2) possession of a controlled substance, and (3) possession with intent to deliver a controlled substance. Paragraph 5 of the written plea agreement recited that defendant was eligible to be sentenced to an aggregate maximum of 36 years' imprisonment. However, in consideration for defendant's guilty pleas, the record shows that the State agreed to dismiss six other pending charges and agreed to a sentence of 30 months' conditional discharge. The parties also agreed that one of the conditions of conditional discharge was that defendant was to participate in and successfully complete the Lifeline-connect program.

¶ 5            Paragraph 4 of the written plea agreement additionally provided for a 20-year sentence of imprisonment, to be stayed pending defendant's successful completion of conditional discharge. Paragraph 12 of the agreement provided that the State was authorized to file a motion to lift the stay if defendant failed to "abide by" the terms of the plea agreement.

¶ 6            In the written plea agreement, defendant acknowledged that a sentence of 20 years' imprisonment was "fair and appropriate based upon the defendant's overall criminal history, [the] nature of the charges and the fact that he is facing a potential sentence of up to 36 years on all pending Jersey County charges." Defendant agreed to "immediately" report to the Jersey County jail if he left or was terminated from the Lifeline-connect program for any reason. Defendant also agreed that if he failed to abide by the terms and conditions of the plea agreement, the State would file a "Motion to Lift stay and/or a petition to Revoke the Conditional Discharge."

¶ 7　　　　　　　The parties presented the negotiated guilty plea in open court on July 28, 2021. The prosecutor informed the trial court that the plea agreement contemplated a sentence of 30 months' conditional discharge. Then, the prosecutor stated:

> "[T]he defendant would be, in addition to this, would be sentenced to a sentence of 20 years in [IDOC] stayed pending successful completion of the conditional discharge order and we would note for the court that, uh, we believe it to be a fair and appropriate sentence, uh, given that [*sic*] the nature of the charges, the defendant's overall criminal history and the fact that he is facing a potential sentence of up to 36 years on all pending Jersey County cases."

Defendant waived his right to a presentence investigation, a sentencing hearing, and a statement in allocution. After ascertaining that defendant's plea was knowing and voluntary, the court accepted the plea agreement and sentenced defendant according to the "terms and conditions as announced here in open court and reduced to writing." The court also admonished defendant that to preserve his right to appeal, he must file a written motion to withdraw his guilty plea and vacate the sentence. Defendant acknowledged that he understood his appeal rights.

¶ 8　　　　　　　On September 14, 2021, the State filed a motion to lift the stay of defendant's sentence of incarceration. The State alleged that defendant violated the terms of his conditional discharge when he was terminated from the Lifeline-connect program for misconduct and did not contact his probation officer or turn himself in to the county jail upon leaving the program. As a sanction, the State sought to lift the stay. Also on September 14, 2021, the State filed a petition to revoke defendant's conditional discharge based on the same grounds. At a hearing on March 3, 2022, the State proceeded only on its motion to lift the stay.

¶ 9          Michael Bridges, defendant's probation officer, testified that the Lifeline-connect program informed him on September 7, 2021, that defendant had been terminated for misconduct. Bridges testified that he then contacted the county jail and was told that defendant had not reported to the jail. On cross-examination, Bridges testified that he was unaware of defendant's efforts to get into another program, but he agreed that defendant tried to contact him a day after Bridges was informed that defendant was terminated from the Lifeline-connect program.

¶ 10          Defendant then testified as follows. He was terminated from the Lifeline-connect program for listening to rap music with other residents. Defendant unsuccessfully tried to contact Bridges before his termination to tell him of the difficulties he was having in the program. Then, "they" dropped him off at a bus station in Champaign, but he had no money or credit cards, so he obtained a ride to an unspecified destination with a friend's mother. According to defendant, he was accepted into another program called "First Fruits" at an unspecified location. Defendant testified that he could not stay in that program because he had an outstanding warrant in Madison County. Defendant then stated that his father, who was his "normal outreach," died. Defendant concluded his testimony by saying he made all the efforts he could to keep from violating his conditional discharge. On cross-examination, defendant admitted that he was terminated from the Lifeline-connect program in September 2021 and was arrested on a warrant for violating his conditional discharge in January 2022. Defendant admitted that he did not report to the Jersey County jail upon his termination from the Lifeline-connect program. Defendant also admitted that he did not inform the trial court he was terminated from the Lifeline-connect program.

¶ 11          In argument, defense counsel asked that the matter be set for sentencing if the trial court lifted the stay. The court noted resentencing would be "counter" to defendant's agreement to be sentenced to an aggregate of 20 years' incarceration. The court also opined that resentencing

would subject defendant to 36 years' imprisonment, which the court noted was not "the intent of the initial agreement nor the intent of the parties." The court then found defendant in violation of the plea agreement, lifted the sentencing stay, and sentenced defendant to 20 years' imprisonment in IDOC. In admonishing defendant of his appeal rights, the court instructed defendant that he must file a motion to withdraw his guilty plea and request to vacate the judgment and sentence prior to filing an appeal. Defendant stated that he understood his appeal rights. The court entered a written order on March 3, 2022, in which the court left the box labeled "Motion to Revoke" blank. The court checked the box "Motion to ____" and filled in the blank with the words "lift stay" and then checked the box labeled "Allowed."

¶ 12        On March 9, 2022, defendant, *pro se*, filed a motion to reduce his sentence. At the hearing on that motion, defendant expressed his belief that the attorney who previously represented him would be representing him in this matter. The State noted that the trial court had not reappointed defendant's prior counsel, and the court advised defendant that he was proceeding *pro se*. Defendant argued that his sentence was excessive considering that he worked for the police to obtain leniency and he could be rehabilitated. Defendant's mother told the court that an attorney had advised defendant not to turn himself in to the jail after he was terminated from the Lifeline-connect program. The court denied defendant's motion to reduce sentence.

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15        On appeal, defendant raises two issues: (1) his procedural due process rights were violated when the trial court failed to hold a sentencing hearing after revoking his conditional discharge and (2) he was denied counsel upon filing the motion to reduce his sentence.

¶ 16    Defendant first contends that, upon revoking his conditional discharge, the trial court was required to follow the procedures set forth in section 5-6-4 of the Unified Code of Corrections (Code) (730 ILCS 5/5-6-4 (West 2020)). Section 5-6-4(h) (730 ILCS 5/5-6-4(h) (West 2020)) provides that after revocation of conditional discharge, the defendant shall be resentenced under Article 4 of the Code. Section 5-4-1(a) of the Code (730 ILCS 5/5-4-1(a) (West 2020)) provides that a "hearing shall be held to impose the sentence." Defendant maintains that the court committed error when it denied defense counsel's request for a sentencing hearing. Defendant further maintains that this error constituted plain error because the sentencing error was so egregious as to deny defendant a fair sentencing hearing, citing *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010) (stating that, in the sentencing context, to demonstrate plain error a defendant must show either that (1) the evidence at the sentencing hearing was closely balanced or (2) the error was so egregious as to deny the defendant a fair sentencing hearing). Defendant asks that we vacate his sentence and remand for a new sentencing hearing. A procedural due process claim presents a question of law, which we review *de novo*. *People v. Cardona*, 2013 IL 114076, ¶ 15.

¶ 17    The State argues that defendant's contentions miss the mark, as defendant was sentenced in accordance with the fully negotiated plea agreement he reached with the State. Consequently, the State contends that we must dismiss this appeal because defendant did not move to withdraw his guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Rule 604(d) provides that no appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless, within 30 days of the imposition of the sentence, the defendant files both a motion to vacate the guilty plea and a motion to vacate the judgment. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Here, defendant filed only a motion to reduce his sentence. See *People v. Linder*, 186 Ill. 2d 67, 74 (1999) (stating that where the defendant failed to file a motion to

withdraw the guilty plea and vacate the judgment, the appellate court should not entertain the defendant's appeal).

¶ 18       Defendant's entire premise rests on his belief that the trial court revoked his conditional discharge. However, a close reading of the record shows that the court lifted the stay in accordance with the terms of the negotiated plea and then imposed the original sentence agreed to in the plea agreement. After defendant left the Lifeline-connect program and failed to report to the jail, the State proceeded on its motion to lift the stay, not its petition to revoke conditional discharge. Paragraph 12 of the written plea agreement provided that if defendant did not "follow and abide by all terms and conditions of this plea agreement," the State would file a motion to lift the stay. The court found that defendant violated the terms of the *plea agreement*. The court did not explicitly find that defendant violated his conditional discharge. The court stated: "The terms of the [plea] agreement seem to be pretty clear. The violation [of the agreement] also seems to be relatively clear in that [defendant] did not turn himself in *** upon removal [from] the facility." The court then ruled that it would "lift the stay and sentence [defendant] to 20 years in [IDOC] *finding him in violation of the initial agreement*." (Emphasis added.) The court then admonished defendant that, before he could appeal, he was required to file a motion to withdraw the guilty plea and vacate the judgment.

¶ 19       The trial court drew the distinction between lifting the stay and revoking conditional discharge when defense counsel asked for a resentencing hearing. The court noted that such a hearing was not what the parties intended when they entered into the plea agreement. The court also noted that defendant would potentially face a harsher sentence if he were to be resentenced. In its written order entered on March 3, 2022, the court (1) left the box labeled

- 7 -

"Motion to Revoke" blank, (2) checked the box "Motion to ____," (3) filled in the blank with the words "lift stay," and (4) checked the box labeled "Allowed."

¶ 20          Although the record is clear that the State proceeded only on its motion to lift the stay and that the trial court avoided entering an order revoking defendant's conditional discharge, it is less clear what effect lifting the stay and imposing the sentence of imprisonment agreed to in the negotiated plea had on the sentence of conditional discharge. Certainly, the period of conditional discharge ended. This conundrum results from the unorthodox plea arrangement whereby defendant was sentenced to conditional discharge and a prison sentence. Defendant waited until his reply brief to point out that the prison sentence was not authorized by statute. He cited section 5-6-3(e) of the Code (730 ILCS 5/5-6-3(e) (West 2020)), which provides that, with an exception not applicable here, the court shall not require as a condition of conditional discharge a period of imprisonment over six months. However—even if we overlook forfeiture (see *People v. Sparks*, 315 Ill. App. 3d 786, 790 (2000) (stating new issues cannot be raised in a reply brief)— and even if the sentence of incarceration was an unauthorized condition of conditional discharge, the sentence was not void. See *People v. Castleberry*, 2015 IL 116916, ¶ 19. Defendant never moved to withdraw his guilty plea and vacate the sentence as voidable, so we move forward in our analysis without further scrutiny of the validity of the original sentence. We are constrained to note, though, while the plea agreement was unusual, defendant benefited from the sentencing cap of 20 years' imprisonment. We also note that this appeal is unusual in that defendant is asking to be resentenced, thus risking greater punishment.

¶ 21          Even assuming, without deciding, that the effect of lifting the stay was to revoke defendant's conditional discharge, that is irrelevant because defendant is challenging his original sentence—which was imposed before the stay was lifted. We cannot lose sight of the fact that

defendant filed a motion to reduce the sentence that he agreed to as part of a fully negotiated plea. On appeal, he is arguing that he should have been allowed to attack that sentence as excessive. Defendant is not challenging his sentence of conditional discharge or even its termination. Thus, we conclude that Rule 604(d), pertaining to appeals from guilty pleas, governs this appeal and defendant was subject to its requirements. We note that the trial court, on two separate occasions, admonished defendant that he must file a motion to vacate the guilty plea to preserve his right to appeal.

¶ 22 Because Rule 604(d) establishes a condition precedent for filing an appeal from a guilty plea (*People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011)), and because defendant failed to file a proper postplea motion pursuant to Rule 604(d), we dismiss this appeal. Because we dismiss this appeal, we do not reach defendant's due process claims or his contention that he was denied counsel upon filing the motion to reduce his sentence.

¶ 23                                        III. CONCLUSION

¶ 24          For the reasons stated, we dismiss this appeal.

¶ 25          Appeal dismissed.

¶ 26          JUSTICE TURNER, dissenting:

¶ 27          I respectfully dissent because I disagree with the majority's conclusion this court must dismiss defendant's appeal for noncompliance with Rule 604(d).

¶ 28          The majority decision focuses on the language used by the trial court in its March 3, 2022, written order after defendant violated his conditional discharge and not on what actually happened in this case. See *supra* ¶¶ 18-19. The record does not reveal a trial court order for the three prison sentences until March 3, 2022, which was after defendant had violated his conditional discharge. On July 28, 2021, the court entered a conditional discharge order, which listed the case

numbers for all three cases, imposed a 30-month term, and required defendant to serve 174 days in jail with credit for 87 days served. The court also entered a fines and costs order on only the felony of unlawful possession with the intent to deliver. Additionally, although the court signed the parties' plea agreement, which did mention three prison terms and a stay of those prison terms along with other conditions, the court neither entered an order for the listed prison terms nor an order staying the prison terms. Presumably, the court did not do so due to a lack of legal authority allowing for two simultaneous sentencing judgments on the same offense.

¶ 29    Moreover, I note this case did not involve deferred prison sentences since the trial court entered sentencing orders on the offenses, *i.e.*, the conditional discharge order and the fines and costs order. See *People v. Hayes*, 2022 IL App (2d) 210014, ¶ 6 (where sentencing was deferred with agreed-upon alternative sentences dependent upon defendant's performance in a mental health court program). Regardless, the court had no stay to lift on March 3, 2022. Despite the court indicating in the March 3, 2022, written order it was allowing a motion to stay, the court in fact found defendant violated a term of the conditional discharge that was set forth in the plea agreement and resentenced defendant in accordance with the parties' plea agreement, as evidenced by the court's March 3, 2022, sentencing orders. Given the agreed sentence, an actual resentencing hearing would have been a mere formality, and thus the court's denial of defense counsel's request for a resentencing hearing does not support the contention the court only lifted a stay and did not revoke defendant's conditional discharge. Moreover, contrary to the majority's assertion (*supra* ¶ 18), the court admonished defendant that, if he sought to appeal, he must file within 30 days, a "written motion requesting to withdraw [his] guilt *or* requesting to vacate *this* judgement and sentence." (Emphases added.) The court further explained in its admonishments that, if the court was to vacate the sentence, "the case would again be set out for sentencing." Those comments

- 10 -

suggest a resentencing after a revocation of conditional discharge and not a lifting of a stay. Additionally, even if a stay existed, I would find the court's lifting of the stay on the facts of this case necessarily resulted in the revocation of defendant's conditional discharge. Since the court revoked defendant's conditional discharge and resentenced him, defendant can appeal the court's revocation of his conditional discharge and his resentence under Illinois Supreme Court Rule 604(b) (eff. July 1, 2017). See *Hayes*, 2022 IL App (2d) 210014, ¶ 3.

¶ 30        Moreover, I would address defendant's second argument he was denied his right to counsel during the postsentencing proceedings. A motion to reconsider a sentence following revocation of conditional discharge is permissible. *Hayes*, 2022 IL App (2d) 210014, ¶ 20. Since defendant could file a motion to reconsider his sentence and the filing of such is considered a critical stage of a criminal proceeding, I agree with defendant that he was entitled to counsel on his postjudgment motion. See *People v. Owens*, 386 Ill. App. 3d 765, 771 (2008). Accordingly, I would vacate the trial court's denial of defendant's motion to reconsider his sentence and remand the cause for the appointment of counsel, who may raise defendant's due process argument and any other issues in a new or amended postjudgment motion. As to a sentencing challenge, I do agree with the majority contract principles may come into play when addressing it. I also agree a "conundrum" has resulted from this "unorthodox plea agreement." See *supra ¶* 20. I caution the parties and trial court to consider the propriety of such an arrangement in future proceedings unless it is authorized by statute. See *Hayes*, 2022 IL App (2d) 210014, ¶ 24 (where the court proceeded pursuant to the Mental Health Court Treatment Act (730 ILCS 168/1 *et seq.* (West 2018)) and the De Kalb County's implementation of policies utilizing that act).