NOTICE

Decision filed 09/27/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 230083-U

NO. 5-23-0083

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 21-CF-207 |
| | ) | |
| BRADLEY A. SCHNEIDER, | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the circuit court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the defendant's motion was filed nine months after the judgment on his guilty plea became final, the circuit court lacked jurisdiction to consider it and therefore appellate jurisdiction is also lacking. As any contrary argument would be frivolous, we grant the defendant's appointed appellate counsel leave to withdraw and dismiss the appeal.

¶ 2    The defendant, Bradley A. Schneider, appeals the circuit court's order denying his "motion to reconsider." His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that reversible error occurred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified the defendant of its motion, and this court has provided him with ample opportunity to respond, but he has not done so. After considering the record on appeal and OSAD's motion and supporting brief, we

1

agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4      The defendant was charged with delivery of methamphetamine. He allegedly committed the offense while on bond for a charge of possession of heroin. On March 14, 2022, the defendant agreed to plead guilty to delivery of methamphetamine in exchange for the State dismissing the possession charge. There was no agreement on a sentence at that time.

¶ 5      The circuit court advised the defendant that he was eligible for a sentence of three to seven years' imprisonment. The defendant said that he understood. The circuit court explained that he had the right to plead not guilty and to have a trial before either the circuit court or a jury. The circuit court explained that he was presumed innocent and that, at a trial, the State would have to prove his guilt beyond a reasonable doubt. The defendant would have the right to cross-examine the State's witnesses and to present evidence of his own if he wished. The defendant said that he understood.

¶ 6      The circuit court further advised the defendant that "if you enter this plea of guilty, you're giving up each and every one of these rights and there will be no trial of any kind." The defendant assured the circuit court that he understood and that he wished to plead guilty. The circuit court accepted the plea and scheduled a sentencing hearing.

¶ 7      On April 11, 2022, the defendant filed a motion to withdraw his plea. He claimed that he was "misled" on the day of the guilty plea, as he was expecting to see the jury and the State's evidence.

¶ 8      On the date set for sentencing, May 9, 2022, the parties agreed to a three-year sentence. The circuit court accepted the agreement and imposed that sentence. The circuit court informed

the defendant that, in order to appeal, he would have to file "within 30 days of today's date" either a motion to reconsider the sentence or to withdraw his guilty plea.

¶ 9    On July 13, 2022, the defendant filed a motion for a speedy trial. The circuit court dismissed the motion as it had already entered judgment on the guilty plea.

¶ 10    On January 19, 2023, the circuit court *sua sponte* entered an "order" stating that the defendant had repeatedly contacted the circuit clerk's office asking about the status of his case. The circuit court noted that the defendant's motion to withdraw the guilty plea was untimely as it was filed before sentencing, and his decision to agree to a sentence rendered it moot.

¶ 11    On February 15, 2023, the defendant filed a motion to reconsider and a notice of appeal. On February 22, 2023, the circuit court dismissed the motion to reconsider. The circuit court held that the simultaneous notice of appeal divested it of jurisdiction to rule on the motion.

¶ 12                               ANALYSIS

¶ 13    OSAD concludes that it can make no reasonably meritorious argument on the defendant's behalf because we plainly lack jurisdiction of this appeal. We agree.

¶ 14    Illinois Supreme Court Rule 604(d) provides, "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court ***, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The supreme court's rules "are not mere suggestions." *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 39 (2011). Accordingly, Rule 604(d) establishes a condition precedent for a defendant's appeal from a guilty plea. *Id.* at 40. As a general rule, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits. *Id.* Where a defendant has failed to file a motion to withdraw the guilty plea, the appellate court must dismiss the appeal. *Id.* A motion

3

filed prior to sentencing does not comply with Rule 604(d) and does not give rise to a right to appeal from the judgment. *People v. Marquez*, 2012 IL App (2d) 110475, ¶ 4 (citing *People v. Ramage*, 229 Ill. App. 3d 1027, 1030-31 (1992)).

¶ 15 Here, the defendant filed his motion to withdraw the guilty plea prior to sentencing. Thus, it did not comply with Rule 604(d) and did not preserve the defendant's right to appeal. *Id*. The defendant subsequently agreed to a specific sentence and did not file another motion directed against the plea. Although the defendant subsequently filed a motion to reconsider, it came well beyond the 30-day limit prescribed by Rule 604(d) and thus the circuit court lacked jurisdiction to consider it.

¶ 16 OSAD observes that the failure to file a postplea motion may be excused where the failure resulted from the circuit court's failure to admonish the defendant properly pursuant to Rule 605. *Alvarez*, 241 Ill. 2d at 41 (citing Ill. S. Ct. R. 605 (eff. Aug. 1, 1992)). Pursuant to that rule, when a defendant enters an "open plea," with no agreement about a possible sentence, the circuit court must advise the defendant that, in order to appeal, he or she must file within 30 days of sentencing either a motion to reconsider sentence or a motion to withdraw the guilty plea. Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). However, where a defendant enters a fully negotiated plea, with an agreement for a specific sentence or a sentencing cap, the circuit court must advise the defendant pursuant to Rule 605(c) that he or she must move to withdraw the plea before taking an appeal. Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 17 OSAD argues that circuit court's admonishments were technically incorrect. OSAD notes that by the time of sentencing, the plea had become fully negotiated given that the parties had agreed to a specific sentence. However, the circuit court advised the defendant that he could file either a motion to withdraw the plea or a motion to reconsider the sentence. OSAD concludes,

4

however, that the defendant may not avail himself of the faulty-admonishment rule because he filed neither type of motion. The circuit court correctly advised the defendant that he had to file *something* within 30 days, but he did not do so. Instead, more than 30 days after sentencing, the defendant filed a motion for a speedy trial. Then, when the court, apparently of its own volition, attempted to clarify the status of the case, the defendant filed a "motion to reconsider" simultaneously with his notice of appeal. As both motions were filed well beyond the 30-day limit, they did not preserve the defendant's right to appeal.

¶ 18    We note briefly that defendant's motion was filed within 30 days of the circuit court's "order" of January 19, 2023, and thus could be considered a timely motion to reconsider that order. However, the order, filed more than 30 days after the judgment became final, was beyond the circuit court's jurisdiction. Generally, a trial court loses jurisdiction 30 days after judgment. *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). The order appears to have been a response to the defendant's repeated inquiries to the court clerk and merely summarized the circuit court's previous actions in this matter. It did not substantively alter the judgment. As the order itself was entered without jurisdiction, it did not extend the time for the defendant to appeal.

¶ 19                                    CONCLUSION

¶ 20    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and dismiss the appeal.


¶ 21    Motion granted; appeal dismissed.