2025 IL App (1st) 231767-U

No. 1-23-1767

Order filed August 15, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 13897 |
| | ) | |
| EMMETT PAIGE, | ) | Honorable |
| | ) | Lawrence E. Flood, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in dismissing, for lack of jurisdiction, defendant's untimely motion to withdraw his guilty plea and vacate his sentence.

¶ 2    Pursuant to a negotiated guilty plea, defendant Emmett Paige was found guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2002)) and sentenced to 20 years' imprisonment. He did not file a timely notice of appeal. Nearly 10 months later, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence, which the trial court dismissed for lack of

- 1 -

jurisdiction. On appeal, defendant contends that the trial court did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) in admonishing him regarding the requirements for filing an appeal, so the matter should be remanded for proper admonishments and further proceedings. We affirm.

¶ 3     Defendant was charged by indictment with 24 counts of first degree murder for the killing of Dexter Hargrett on July 1, 2003.

¶ 4     On August 15, 2022, defendant entered a negotiated plea of guilty to one count of first degree murder in exchange for 20 years' imprisonment to be served at 100 percent.[1] The court informed defendant about the agreed sentence, his right to a trial, and the possible sentencing range, and defendant stated that he understood. The court noted that it would credit defendant for 3339 days in custody. Defendant also asserted that he was pleading guilty of his own free will and was not threatened or promised anything in exchange for his plea.

¶ 5     As the stipulated factual basis for the plea, the State asserted that on July 1, 2003, at approximately 4 a.m., defendant entered a store in Chicago, where Hargrett worked as a cashier. Defendant threatened Hargrett and tied him with duct tape in a storage room, then attempted to turn off the cameras in the store. Hargrett escaped and struggled with defendant, who pushed Hargrett to the ground and struck him in the head with an object, causing Hargrett's death. The State would also present evidence that defendant's DNA was found under Hargrett's fingernails, "identifying [defendant] as the person who was last with" Hargrett.

---

[1] During the same proceeding, defendant also pleaded guilty to resisting arrest in exchange for a one-year sentence in an unrelated case.

¶ 6    The court accepted the plea and found that defendant understood the nature of the charges against him, the possible penalties, and his rights, and that defendant pleaded freely and voluntarily. The court imposed the agreed 20-year prison term.

¶ 7    The court then admonished defendant regarding his right to appeal, including that he first must file a written motion with the court to reconsider the sentence or ask for leave to withdraw his guilty plea within 30 days. The court explained that if the motion were granted, the plea and sentence could be vacated, and trial would be set on other matters which were dismissed pursuant to the plea. The court then stated:

> "If you cannot afford an attorney for your appeal, one would be provided for you as well as copies of the transcript which resulted in your plea of guilty and sentence. However, you must understand that if you fail or forget to put something in your petition for the Court to reconsider in the sentence or in vacating your plea, it's waived or given up for all times."

¶ 8    Defendant stated that he understood. He did not file a notice of appeal within 30 days of the plea.

¶ 9    On June 12, 2023, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence, arguing that his pretrial detention credit was not applied to his sentence. Defendant asserted that the Illinois Department of Corrections advised that he would be released in 2033, but later told him, without explanation, that his "out date" was in 2039. Defendant contended that the court informed him that his pretrial credit would be applied to his sentence, which was "not true." Defendant stated that he was unable to go to the law library until May 2, 2023, due to prison lockdowns.

¶ 10    On August 4, 2023, the court "den[ied]" the motion for lack of jurisdiction, noting that defendant filed his motion "well over" 30 days from the entry of his guilty plea.[2]

¶ 11    Defendant filed a motion for leave to file a late notice of appeal on October 3, 2023, which we allowed on October 10, 2023.

¶ 12    On appeal, defendant argues that the trial court's postplea admonishments did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), because the court misinformed him about the appropriate postplea motion that he needed to file in order to appeal, and "erroneously gave the impression that an attorney would only be appointed after his motion was denied."

¶ 13    Under Illinois Supreme Court Rule 604(d), before a defendant may appeal a judgment entered upon a guilty plea, he or she must first file a written motion with the trial court within 30 days of the date the court imposed sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Flowers*, 208 Ill. 2d 291, 300 (2003). The motion may request that the guilty plea be withdrawn and judgment vacated or it may seek reconsideration of the sentence. *Flowers*, 208 Ill. 2d at 300. Filing of a Rule 604(d) motion is a "condition precedent to an appeal from a judgment on a plea of guilty." *Id.* at 300-01. A trial court generally loses jurisdiction to vacate or modify a judgment more than 30 days after the entry of the judgment if a defendant has not filed a timely Rule 604(d) motion. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011).

¶ 14    A defendant may be excused from failing to comply with Rule 604(d) if a trial court did not give proper admonishments under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001)

---

[2] Although the court stated that the motion was denied, its comments as a whole establish that, in substance, the motion was dismissed for lack of jurisdiction.

regarding the steps necessary to preserve the right to appeal following a negotiated guilty plea. *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 17. Under Rule 605(c), the plea court must, in relevant part, advise the defendant that prior to appealing, he must file a written motion asking for the judgment to be vacated and for leave to withdraw his guilty plea within 30 days of the date on which sentence was imposed, and that if the defendant is indigent "counsel will be appointed to assist the defendant with the preparation of the motions." Ill. S. Ct. R. 605(c)(2), (5) (eff. Oct. 1, 2001).

¶ 15    As noted, a trial court loses jurisdiction to vacate or modify its judgment 30 days after the entry of the judgment. See *Skryd*, 241 Ill. 2d at 40. The appellate court may review an otherwise timely appeal from the entry of a guilty plea if the defendant did not file a 604(d) motion where the trial court did not substantially comply with Rule 605(c). *Id*. at 42. However, the admonition exception "cannot restore jurisdiction to the circuit court after 30 days from entry of judgment." *Id*. Thus, the admonition exception to Rule 604(d)'s motion requirement only applies where the defendant files a timely notice of appeal without having filed the required Rule 604(d) motion in the circuit court. *Id*. at 43.

¶ 16    Here, defendant pleaded guilty on August 15, 2022. He did not file a notice of appeal or Rule 604(d) motion within 30 days of the judgment. Rather, he first filed his *pro se* motion to withdraw his guilty plea and vacate his sentence on June 12, 2023, nearly 10 months later. The trial court, in substance, dismissed the motion after correctly determining that it did not have jurisdiction to consider it. See *id*.

¶ 17    In defendant's reply brief, he contends that we may review the issue because the admonition exception also applies to situations where the defendant submits his postplea motion

"in an incorrect manner." See *People v. Jamison*, 181 Ill. 2d 24, 31 (1998). Further, he contends that we granted him leave to file a late notice of appeal and, thus, may apply the admonition exception where the trial court failed to substantially comply with Rule 605(c).

¶ 18    Despite defendant's contentions, the law is settled that the admonition exception "cannot restore jurisdiction to the [trial] court after 30 days from entry of judgment." See *Skryd*, 241 Ill. 2d at 42. *Jamison* does not support defendant's contentions. In *Jamison*, the defendant filed a timely motion to reconsider his sentence, and a timely appeal from its denial, but no motion to withdraw his plea. See *Jamison*, 181 Ill. 2d at 27. The supreme court remanded to allow defendant to file a motion to withdraw his plea, noting that the trial court failed to comply with Rule 605. See *Jamison*, 181 Ill. 2d at 30. Here, as in *Skryd*, defendant did not file a timely notice of appeal without first seeking to withdraw his plea in the trial court. See *Skryd*, 241 Ill. 2d at 43. He instead filed an untimely motion to withdraw his guilty plea when the court had long lost jurisdiction.

¶ 19    For the foregoing reasons, we affirm the trial court's order dismissing for lack of jurisdiction defendant's motion to withdraw his plea.

¶ 20    Affirmed.