NOTICE
Decision filed 02/11/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250143-U

NO. 5-25-0143

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 23-CF-501 |
| | ) | |
| SETH L. McCALL, | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Cates and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the defendant, despite being properly admonished at sentencing under Supreme Court Rule 605(b), nevertheless failed to file a motion under Supreme Court Rule 604(d), the instant appeal must be dismissed, and since any argument to the contrary would lack merit, the defendant's appellate counsel is granted leave to withdraw, and the appeal is dismissed.

¶ 2    The defendant, Seth L. McCall, without the benefit of a plea agreement, pleaded guilty to unlawful possession of methamphetamine and was subsequently sentenced to imprisonment. He failed to file a motion to reconsider his sentence or a motion to withdraw his guilty plea, but he did file a "motion to appeal." His appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit and has filed a motion to withdraw as counsel, along with a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967). OSAD duly served notice upon the defendant, and this court gave him ample opportunity to file a

1

response, but he has not done so. Having examined the *Anders* motion and brief, and the entire record on appeal, we agree with OSAD and now dismiss this appeal.

¶ 3                                          I. BACKGROUND

¶ 4     The State charged the defendant with unlawful possession of methamphetamine (less than five grams), a Class 3 felony. 720 ILCS 646/60(b)(1) (West 2022). The circuit court appointed counsel for the defendant.

¶ 5                                          A. Plea of Guilty

¶ 6     On October 29, 2024, defense counsel informed the court that the defendant would "enter an open plea" to the charge, and that the defense was "seeking a drug court evaluation." The defendant concurred that he planned to make an open plea of guilty to the charge. In answer to the court's queries, the defendant indicated his understanding that there was no plea agreement associated with his guilty plea, that no promises had been made in exchange for his guilty plea, and that the court would be free to impose the maximum sentence for the charged offense. The defendant indicated that he had had enough time to discuss the case with his attorneys and that he was generally satisfied with their representation. The defendant stated that he was 34 years old, could read and write, was not under any disability, was not taking medicine that affected his judgment, and was not under the influence of alcohol or drugs.

¶ 7     The court then admonished the defendant as to the nature of the charged offense and the possible penalties, including an extended term of imprisonment of up to 10 years. The defendant indicated he understood the charge and the possible penalties. The defendant also understood that in the event the court placed him on probation, including through drug court, and the defendant subsequently violated the terms of probation, and the court revoked probation, the court could impose any of the possible penalties. The court admonished the defendant that he had a right to

2

continue to plead not guilty or to require the State to prove him guilty beyond a reasonable doubt, and that he had a right to a trial by judge or jury. The court explained the difference between a bench trial and a jury trial, and the defendant indicated his understanding of both. Furthermore, the defendant stated that he understood that by pleading guilty, he was waiving his right to a trial by judge or jury; he stated that he wished to plead guilty and acknowledged that he had knowingly signed a written jury-waiver form.

¶ 8     Continuing, the court admonished the defendant about the State's burden of proving guilt beyond a reasonable doubt, and about his own rights to a lawyer, to confront and cross-examine any witnesses against him, to call witnesses, and to remain silent. The defendant indicated that he understood those rights and was waiving them freely and voluntarily. Finally, the defendant indicated that nobody had threatened him or forced him to plead guilty and that his plea was of his own free will.

¶ 9     The State provided a factual basis, and the defendant and defense counsel concurred. The defendant pleaded guilty. The court accepted the plea, finding that it was made voluntarily, knowingly, and intelligently and directed the probation department to prepare a presentence investigation report and a drug-court evaluation.

¶ 10                              B. Sentencing Hearing

¶ 11     On January 10, 2025, the circuit court held a sentencing hearing. After hearing testimony and arguments of counsel, the court sentenced the defendant to imprisonment for five years, with credit for time served, to be followed by mandatory supervised release (MSR) for six months.

¶ 12     Immediately after pronouncing sentence, the court admonished the defendant that he had a right to appeal, but prior to taking an appeal, he needed to file in the circuit court, within 30 days, a written motion to have his sentence reconsidered or to withdraw his guilty plea. The court noted

that the defendant's motion "must set forth all the grounds or the reasons for that motion." The court also informed the defendant what would happen, or could happen, if the court granted his motion. If the defendant was indigent, the court continued, he could obtain a free transcript and have an attorney appointed to assist in the motion's preparation. Finally, the court admonished the defendant that any claim of error not raised in the motion to reconsider sentence or to withdraw guilty plea "shall be deemed waived." On January 13, 2025, the circuit court entered a written judgment and conviction was entered.

¶ 13                    C. The Defendant's "Motion to Appeal"

¶ 14    On February 18, 2025, the defendant filed a one-page, *pro se* document titled "*nunc pro tunc*," wherein he sought additional days of sentence credit. On that same day, the defendant filed a one-page, *pro se* document titled "motion to appeal." In it, he expressed his desire to appeal his sentence on the grounds that (1) his attorney had provided ineffective assistance and (2) he believed, at the time he pleaded guilty, that he would be sentenced to drug court. No other document, such as proof of service, was sent along.

¶ 15                              II. ANALYSIS

¶ 16    As previously noted, OSAD has filed an *Anders* motion with brief. In its brief, OSAD raises two potential issues for review: (1) whether the defendant's failure to file any postplea motions precludes appellate review on the merits in this case and (2) whether the circuit court erred in admonishing the defendant as to his appeal rights, thus requiring remand for compliance with Illinois Supreme Court Rule 605 (eff. Apr. 15, 2024). This court agrees with OSAD that these issues are without merit.

¶ 17    Illinois Supreme Court Rule 604(d) (Apr. 15, 2024) states, in pertinent part, as follows:

4

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

\* \* \*

The motion shall be in writing and shall state the grounds therefor." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

Compliance with Rule 604(d) is a condition precedent to an appeal from a judgment entered on a plea of guilty, and where a defendant fails to comply, the appellate court must dismiss the appeal. *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003); *People v. Linder*, 186 Ill. 2d 67, 74 (1999).

¶ 18 Here, the defendant failed to comply with Rule 604(d). After sentence was imposed on January 10, 2025, he never (let alone within 30 days) filed a motion to reconsider sentence or a motion to withdraw plea. Accordingly, this court must dismiss this appeal.

¶ 19 The dismissal of an appeal based on a defendant's failure to file a Rule 604(d) postplea motion in the circuit court would violate due process if the defendant did not know that filing of such a motion was necessary. *People ex rel. Alvarez v. Skyrd*, 241 Ill. 2d 34, 41 (2011). Thus, our supreme court has "recognized an 'admonition exception' to Rule 604(d)." *Id.* Under this exception, where the trial court "fails to give applicable Rule 605 admonishments and the defendant attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Rather, the appellate court must remand the cause to the circuit court for strict compliance with Rule 604(d)." *Id.* Rule 605(b) complements and serves as a corollary to Rule 604(d). A circuit court's compliance with Rule 605 is reviewed *de novo*. *People v. Young*, 387 Ill. App. 3d 1126, 1127 (2009).

¶ 20　When imposing sentence on a defendant who has pleaded guilty without the benefit of negotiations with the State, Rule 605(b) requires the circuit court to advise defendant

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(b)(1)-(6) (eff. Apr. 15, 2024).

¶ 21　While Rule 605 admonishments are mandatory, a verbatim reading of the rule is not required. *People v. Dominguez*, 2012 IL 111336, ¶ 22. Rather, the court must substantially comply with the rule by conveying the substance or "essence" of the rule to a defendant. *Id.* A court's

6

admonitions are sufficient for substantial compliance with the rule when "the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* Here, the circuit court, at the time of sentencing, came very close to a verbatim reading of Rule 605(b), thus conveying to the defendant the substance or essence of Rule 605(b), and substantially complying with the rule.

¶ 22                                    III. CONCLUSION

¶ 23    The defendant failed to comply with Rule 604(d) and was properly admonished pursuant to Rule 605(b). As no argument to the contrary would have merit, OSAD is granted leave to withdraw as counsel, and this appeal is dismissed.


¶ 24    Motion granted; appeal dismissed.